In re JOHNS–MANVILLE CORPORATION, et al., Debtors.

No. 83 Civ. 427 (CES).

United States District Court, S.D. New York.

Oct. 25, 1983.

Cleary, Gottlieb, Steen & Hamilton, New York City, for appellants.

## ORDER

STEWART, District Judge:

On appeal, the Order of the Honorable Burton R. Lifland, Bankruptcy Judge, entitled "Order Denying Applications for Appointment of Separate Shareholders' Committees and Directing Appointment of a Single Committee of Equity Security Holders" dated November 5, 1982 is affirmed.[1]

Our standard of review is governed by Bankruptcy Rule 8013, 11 U.S.C. Appellants have not proven they are entitled to a separate committee as a matter of law. Nor can it be said that the Bankruptcy Judge abused his discretion.

Appellants, some of the preferred shareholders of Manville, have made no showing that their interests have been prejudiced by the appointment of a single committee of

equity security holders, composed of both common and preferred shareholders. The preferred shareholders are represented on that committee. Appellants have also made no showing that the conflict between these two classes of stock is of such magnitude so as to put committee counsel in the untenable position of representing and counselling a group of representatives with sharply divergent interests. Moreover, should the hybrid committee inadequately represent any distinct interest of the preferred shareholders, they can always be heard through section 1109 of the Bankruptcy Code, as a separate party in interest.

SO ORDERED.

---

1. Appellees argue that this order is not appealable because it is not final. In accordance with

28 U.S.C. § 1334(b) and Bankr.Rule 8003(c), 11 U.S.C., we grant leave to appeal.