MESKILL, Circuit Judge:
 

 This is an appeal from an order of the United States District Court for the Southern District of New York, Edelstein, J., affirming an order of the United States Bankruptcy Court, Buschman, J., which granted an interim award of compensation to appellee Albert Togut in his dual capacity as Chapter 11 trustee and attorney for the trustee. Because the order of the bankruptcy court is interlocutory in nature and therefore not properly appealable to this Court, we dismiss for lack of subject matter jurisdiction.
 

 Stable Mews Associates is a New York limited partnership formed to develop a building at 412-414 East 75th Street, New York City. The partnership filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 1101-74 (1982), on December 30, 1982, one day before the first mortgagee’s scheduled foreclosure sale of the building, the partnership’s sole asset. On June 1, 1983, Bankruptcy Judge Lifland directed the United States Trustee for the Southern District of New York to appoint a Chapter 11 trustee. The following day, Judge Lifland approved the United States Trustee’s selection of Attorney Albert Togut as Chapter 11 trustee. With Judge Lifland’s approval, Togut chose to retain his own law firm as attorney for the trustee, as permitted by 11 U.S.C. § 327(d) (1982).
 

 The Chapter 11 trustee/attorney’s handling of the estate has been strongly acclaimed by the bankruptcy court and the United States Trustee and just as strongly attacked by the appellant/debtor. Appellant’s criticism permeates its attack on the award of interim compensation. Because we cannot reach the merits, we will not discuss the trustee/attorney’s conduct in detail.
 

 The present posture of the estate is as follows. The building has been sold. According to Togut, after satisfaction of a first mortgage and payment of capital
 
 *122
 
 gains and transfer taxes, there was a balance in the estate of $267,862.76. A second mortgage of $150,000, listed as “disputed” in debtor’s Chapter 11 petition, is asserted against that balance.
 
 [1]
 
 Attorney Togut has commenced an adversary proceeding in an attempt to have that mortgage set aside on grounds of fraud.
 

 Pursuant to 11 U.S.C.A. §§ 326, 331 and 506(c) (West 1979 & Supp. 1985), Togut filed the instant application for interim compensation of $189,742.91 on December 26, 1984. A hearing on the application was held by Judge Buschman on January 24, 1985. On March 7, 1985, Judge Buschman filed a twenty-five page opinion in which he awarded Togut a total of $163,144.25 in fees, expenses and commissions. 49 B.R. 395 (Bkrtcy.S.D.N.Y.). The appellant/debtor sought leave to appeal the award to the district court. On April 17, 1985, Judge Edelstein granted leave to appeal and then affirmed the bankruptcy court’s decision. The debtor appeals from that affirmance.
 

 This case was briefed by the debtor, the Chapter 11 trustee/attorney, and the United States Trustee, but none of the briefs or arguments addressed the question of this Court’s jurisdiction over an interim fee award. Accordingly, we sought and obtained additional briefs from the parties and United States Trustee on that subject. Having reviewed those briefs, we now dismiss for lack of subject matter jurisdiction.
 

 The controlling jurisdictional statute is 28 U.S.C.A. § 158 (West Supp.1985).
 
 [2]
 
 While subsection (a) of that statute permits district courts “with leave of the court” to hear appeals from interlocutory orders of bankruptcy courts, subsection (d) permits no such discretionary review by the courts of appeals. Our jurisdiction is more narrowly limited to “appeals from all
 
 final
 
 decisions, judgments, orders, and decrees” of the bankruptcy court.
 
 Id.
 
 (emphasis added). The district court’s decision on an interlocutory matter generally is not, itself, a final judgment for purposes of appeal to us under subsection (d).
 
 See Matter of Cash Currency Exchange,
 
 762 F.2d 542, 545 & n. 3 (7th Cir.1985);
 
 Matter of Riggsby,
 
 745 F.2d 1153, 1154 (7th Cir.1984);
 
 In re Comer,
 
 716 F.2d 168, 172 (3d Cir.1983).
 
 Cf. In re Tidewater Group, Inc.,
 
 734 F.2d 794, 796 (11th Cir.1984).
 

 The many cases cited to us in the supplemental briefs recognize the difference in the scope of review permitted to district and appellate courts in bankruptcy matters.
 
 See, e.g., Matter of Cash Currency Exchange,
 
 762 F.2d at 545;
 
 Matter of Pizza of Hawaii,
 
 761 F.2d 1374, 1377-78 (9th Cir.1985). While several cases refer to a flexible approach to finality in bankruptcy “proceedings” ... an approach that may no longer be correct under the Bankruptcy Code,
 
 see In re International Environmental Dynamics, Inc.,
 
 718 F.2d 322, 325 & n. 5 (9th Cir.1983) (contrasting review under old Bankruptcy Act to that available under new Bankruptcy Code) — even that flexibility is limited by the requirement that there be a final decision on the discrete issue at bar.
 
 See In re American Colonial Broadcasting Corp.,
 
 758 F.2d 794, 801 (1st Cir. 1985). A decision approving a partial pay
 
 *123
 
 ment of fees to a trustee/attorney whose meter is still running simply is not such a final decision.
 
 [3]
 

 The appellant/debtor here treated the interim award of compensation in the courts below as interlocutory. It sought and obtained leave to appeal the bankruptcy court decision to the district court. App. at 584. Such leave is required only for interlocutory appeals; appeals from final decisions may be taken as of right. 28 U.S.C.A. § 158(a); Bankr.Rules 8001(a) and (b), 8003,11 U.S.C.A. (West 1984). The district court granted leave to appeal before affirming the bankruptcy court’s interim award, apparently joining the debtor in viewing the issue as interlocutory. App. at 725.
 
 See Matter of King City Transit Mix, Inc.,
 
 738 F.2d 1065,1067 (9th Cir.1984) (per curiam) (appellate jurisdiction in bankruptcy extends only to matters appealable to the district court as of right).
 

 To support its contention that this Court has jurisdiction the debtor relies on three cases, none of which is persuasive. The first case,
 
 In re Flagstaff Foodservice Corp.,
 
 739 F.2d 73 (2d Cir.1984), never discussed the issue of jurisdiction over an interim fee award, concentrating instead on a separate question of whether such fees could be paid out of a fund subject to a super-priority lien.
 
 See In re Saco Local Development Corp.,
 
 711 F.2d 441 (1st Cir. 1983) (priority issue finally decided below and therefore appealable). The second case,
 
 In re New England Carpet Co.,
 
 744 F.2d 16 (2d Cir.1984), is also clearly inappo-site. In it, there had been a
 
 final
 
 fee award prior to appellate review. The court in the third case,
 
 In re International Environmental Dynamics, Inc.,
 
 718 F.2d 322 (9th Cir.1983), specifically noted that it was dealing with an award made under the old Bankruptcy Act. If
 
 International Environmental Dynamics,
 
 like the case at bar, had been brought under the new Bankruptcy Code, interlocutory review would not have been available.
 
 Id.
 
 at 325 n. 5.
 

 The debtor and the United States Trustee argue that under
 
 Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and its progeny, we should overlook the jurisdictional infirmity of the instant appeal. This argument fails both under the narrow approach to
 
 Cohen
 
 taken in
 
 Richardson-Merrell, Inc. v. Roller,
 
 — U.S.-, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (order disqualifying counsel not immediately appealable), and under the original
 
 Cohen
 
 criteria.
 

 Cohen
 
 recognized an exception to the final judgment rule for a small class of prejudgment orders which “finally determine claims of right separable from, and collateral to, rights asserted in the action, [and which are] too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.” 337 U.S. at 546,,69 S.Ct. at 1225. The Court in
 
 Roller
 
 limited Cohen’s “narrow exception” to “trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal.” — U.S. -, 105 S.Ct. at 2761. No such irretrievable loss will occur here if review is delayed until there is a final award of compensation, as discussed more fully below.
 

 Furthermore, even if the award of attorney’s fees were completely severable from the merits here, one of the three require-
 
 *124
 
 merits of
 
 Cohen,
 
 the other two
 
 Cohen
 
 criteria are not satisfied. First, the attorney/trustee is still working for the estate, so the interim award does not “ ‘conclusively determine the disputed question/ ” and second, the fee question is not “ ‘effectively unreviewable on appeal from a final judgment.’ ”
 
 See Koller,
 
 — U.S. at-, 105 S.Ct. at 2761 (quoting
 
 Coopers & Lybrand v. Livesay,
 
 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)). Thus, following the strong direction of the Supreme Court, we must resist the temptation to reach the merits in this particular case.
 
 [4]
 

 See
 
 — U.S. at-, 105 S.Ct. at 2765. Accordingly, we now establish the rule that this
 
 class
 
 of cases will not be immediately appealable.
 
 See In re Four Seas Center, Ltd.,
 
 754 F.2d 1416, 1419 (9th Cir.1985) (rejecting
 
 Cohen
 
 argument for review of interim attorney fee, noting that interim award to attorney who was still at work was merely a “down payment” on an uncertain total bill for services). As the Court stated in
 
 Roller:
 

 Implicit in [the jurisdictional statute] is Congress’s judgment that the
 
 district judge
 
 has primary responsibility to police the prejudgment tactics of litigants, and that the district judge can better exercise that responsibility if the appellate courts do not repeatedly intervene to second guess prejudgment rulings.... Like any referee, the district judge will occasionally make mistakes. A mistaken ruling ... imposes financial hardship_ But the possibility that a ruling may be erroneous and may impose additional litigation expense is not sufficient to set aside the finality requirement imposed by Congress.
 

 — U.S. at-, 105 S.Ct. at 2764.
 

 The debtor’s reliance on
 
 Forgay v. Conrad,
 
 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848), a case we once described as “inscrutable,”
 
 see Cinerama, Inc. v. Sweet Music, S.A.,
 
 482 F.2d 66, 71 (2d Cir.1973), is also misplaced. Like the
 
 Cohen
 
 exception,
 
 For-gay
 
 ’s exception to the finality rule applies only where a finding of nonappealability will cause irreparable harm.
 
 In re American Mariner Industries, Inc.,
 
 734 F.2d 426, 429 (9th Cir.1984). No irreparable harm will flow from our adherence to 28 U.S.C.A. § 158(d).
 

 Debtor’s assertion of irreparable harm rests on the claim that the trustee/attorney may deny the debtor standing to appeal by deliberately mishandling current litigation with the second mortgagee, allowing the mortgagee to claim a sum greater than the estate’s existing balance and thus leaving debtor without the requisite stake in the estate. This argument is premised on the incorrect assumption that debtor would not be permitted to argue that but for such misconduct he would have standing to challenge the attorney’s compensation. Debt- or’s argument also proves too much. Such misconduct it would have standing to chal-standing, it would also help to prove debt- or’s case against the attorney.
 

 If, on the other hand, the attorney handles the case properly and the result still leaves the debtor without a stake, then a finding that it lacks standing will be correct and justified. The current uncertainty of debtor’s claim to standing will have been resolved before the merits of its appeal are heard. Rather than the loss of a right, there will be a clarification of what is now only a tenuous claim of right to appeal.
 

 Finally, the United States Trustee makes the novel suggestion that we should ignore the question of our subject matter jurisdie
 
 *125
 
 tion because none of the parties has raised it. Even the express agreement of all parties, however, cannot confer subject matter jurisdiction where it does not exist.
 
 Reale International, Inc. v. Federal Republic of Nigeria,
 
 647 F.2d 330, 331 (2d Cir.1981); 1 Moore’s Federal Practice ¶ 0.60[4] at 624 (2d ed. 1985).
 

 Appeal dismissed for lack of subject matter jurisdiction. The parties shall bear their own costs.
 

 [1]
 

 . With interest, Togut says the current amount due on this mortgage is $279,000. Br. of Chapter 11 Trustee Appellee at 7.
 

 [2]
 

 . Section 158 took effect on July 10, 1984, the effective date of the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, 1984 U.S.Code Cong. & Ad.News, (98 Stat.) 333.
 
 Id.
 
 at §§ 104, 122(a), (98 Stat.) 341-42, 346. The bankruptcy court’s order of March 7, 1985 is thus subject to its provisions.
 

 Section 158 provides in pertinent part:
 

 (a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.
 

 (d) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.
 

 28 U.S.C.A. § 158 (West Supp.1985). Subsection (b), not relevant here, deals with bankruptcy appellate panels.
 

 [3]
 

 . Interim awards are, by definition, not final. "[I]nterim allowances are always subject to the court’s re-examination and adjustment during the course of the case as all expenses of administration must receive the court's final scrutiny and approval.” 2 Collier on Bankruptcy ¶ 331.-03 at 331-9 (15th ed. 1985). Therefore, several circuits have noted that interim awards are not appealable to the courts of appeals under the current rule, absent other grounds for finality.
 
 See In re Dahlquist,
 
 751 F.2d 295, 297 (8th Cir. 1985) (interim award rendered final by order dismissing underlying bankruptcy proceeding);
 
 In re Yermakov,
 
 718 F.2d 1465, 1468-69 (9th Cir.1983) (interim award was actually final as to attorneys whose work on case was finished);
 
 In re International Environmental Dynamics, Inc.,
 
 718 F.2d 322, 324-25 & n. 5 (9th Cir.1983) (noting appeal allowed under old rule, but not under current rule);
 
 In re Callister,
 
 673 F.2d 305 (10th Cir.1982) (interim award interlocutory and therefore not appealable). No such basis for a finding of finality currently exists in this case.
 

 [4]
 

 . The merits here are, indeed, tempting. This case presents us with a first opportunity to apply the new "cost of comparable services” criterion to the determination of attorneys’ fees in bankruptcy,
 
 see
 
 11 U.S.C.A. § 330(a)(1) (West Supp.1985), and to determine how much evidence of such comparable costs should be required in the course of proving that a given fee is reasonable. It also raises questions about the roles and responsibilities of the United States Trustee and the bankruptcy court in passing on fee applications and in investigating claims of misconduct by a trustee or attorney. We are foreclosed from venturing any opinion on these issues now by our lack of subject matter jurisdiction, but because they may well return to us on appeal from a final judgment, we hope that they — and especially the misconduct claim — will be fully considered by the courts below before arriving at that judgment.