**In re CERVECERIA CORONA, INC., Debtor.**

**Appeal of The LAW FIRM OF RICHARD A. LEE.**

**Bankruptcy No. 86–0905 HL.**

United States District Court, D. Puerto Rico.

May 21, 1987.

314

Richard A. Lee, San Juan, P.R., pro se.

## OPINION AND ORDER

LAFFITTE, District Judge.

Appellant, Richard A. Lee and the members of his law firm, José M. Calderón, associate; and Belén M. Santoni, paralegal, appeal from an order of the Bankruptcy Court granting the firm interim compensation for services as debtor's attorneys in the total amount of $67,263.00. The Bankruptcy Judge reduced the requested hourly rate from $120.00 to $90.00 for Attorney Richard Lee, from $95.00 to $75.00 for Attorney José Calderón, and from $50.00 to $40.00 for the paralegal. The number of work hours claimed by the firm was not altered. Appellants' only argument on appeal is that the hourly rates assigned by the Bankruptcy Court are unreasonably low. Because this Court is without jurisdiction, the appeal is DENIED.

Appellants have served as counsel for debtor, Cervecería Corona, Inc., a Chapter 11 debtor-in-possession, since July 16, 1985. The Chapter 11 bankruptcy case is ongoing and appellants continue to serve as debtor's attorneys.

On January 15, 1986, pursuant to 11 U.S.C. sect. 331, appellants filed an Application for Allowance of Interim Compensation requesting compensation for services performed from July 16, 1985 through December 31, 1985. Following a hearing on the application, the Bankruptcy Judge issued an Opinion and Order granting fees for the total 806.75 work hours claimed, but reduced the hourly rate requested. The Order gives little explanation for the rate reduction, or, equally important, for the allowance of an hourly rate at $90.00 for the services of Richard Lee exceeding the established rate in this district of $75.00/hour awarded to all bankruptcy counsel. However, in a companion Opinion and Order, issued on the same day, in the same case, the Bankruptcy Judge gave a fairly extensive analysis why Attorney Ismael Herrero, counsel for the Creditors Committee and a well known bankruptcy attorney in Puerto Rico, was to be awarded an hourly rate of $90.00 rather than the established $75.00 rate.[1] This reasoning undoubtedly applies to the fee order of concern in this case.

Whether the Bankruptcy Judge's Opinion and Order granting interim attorney's fees is a "final" order for the purpose of obtaining jurisdiction is the issue presented by this appeal. The federal district court has jurisdiction to hear appeals from "final judgments, orders and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. sect. 158(a). Appellants have not requested "leave" of this Court for review of the Bankruptcy Court order. Instead, appellants claim the Bankruptcy order is "final" within the meaning of sect. 158(a) and appealable as a matter of right.

Absent other grounds for finality, a decision approving interim attorneys fees is not a "final" order. See *IN RE STABLE MEWS ASSOCIATES*, 778 F.2d 121, 122–123 (2d Cir.1985); *IN RE FOUR SEAS CENTER, LTD.*, 754 F.2d 1416 (9th Cir. 1985); *IN RE CALLISTER*, 673 F.2d 305 (10th Cir.1982); 2 Collier on *Bankruptcy*,

1. The Opinion and Order concerning Ismael Herrero's attorney's fees was the result of a Motion for Reevaluation of the Rate of Compensation by Herrero's law firm. Like the appellant in this case, attorney Herrero requested an hourly rate of $120.00. The Bankruptcy Court denied this request, granting, instead, a rate of $90.00—$15.00 in excess of the established rate; the same rate was awarded appellant, Richard Lee. The Bankruptcy Court stated: "The Court is of the opinion that, due to the particular circumstances and complexities presented in this case, a reevaluation and adjustment is warranted. Nevertheless, the court takes judicial notice that in this community the customary fees billed by attorneys vary, and average considerably less than what is charged by the law firms McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz Suria and O'Neill and Borges [two firms which Herrero, as well as appellants in this case, cited as examples of community rates]. In view of the aforesaid, we hereby hold that a reasonable compensation for Mr. Herrero's services in the case at bar is $90.00."

sect. 331.03 at 331–9 (15th Ed.1986).[2] Interim awards of attorney's fees have been considered "final" orders only when the underlying bankruptcy proceeding was dismissed, *IN RE DAHLQUIST,* 751 F.2d 295,297 (8th Cir.1985); or, when the attorneys seeking interim compensation were discharged from further representation of debtors prior to the bankruptcy court's fee order, *IN RE YERMAKOV,* 718 F.2d 1465 (2d Cir.1983).

In the present case, the bankruptcy proceeding is ongoing and the appellants continue to serve as debtor's counsel. Despite this, appellants argue that the Bankruptcy Order should, nonetheless, be considered "final" because the language of the order leaves no room to review at a later date the award of compensation for the period from July 16, 1985 through December 31, 1985. This argument is unpersuasive. The Bankruptcy Order set the hourly rate for interim fees only for the period July–December 1985. The Order in no way fixes the rate to be applied to any subsequent services performed. Appellants, themselves, admit the Bankruptcy Judge must consider additional factors, such as success of results obtained, to determine the hourly rate to be assigned to the final compensation award. In addition, we are not convinced that the interim Order precludes reassessment by the Bankruptcy Court of the fee award. "Interim allowances are always subject of the court's re-examination and adjusgment during the course of the case as all expenses of administration must receive the court's final scrutiny and approval." 2 Collier on *Bankruptcy, supra,* at sect. 331–9.

WHEREFORE, the appeal by appellant, the Law Firm of Richard A. Lee, is hereby DENIED for lack of jurisdiction.

IT IS SO ORDERED.

---

**2.** Citing *In Re Saco Local Development Corp.,* 711 F.2d 441 (1st Cir.1983), appellants claim a broad interpretation should be applied to determine what constitutes a "final" order necessary for an appeal of a bankruptcy decision. Because the facts and the analysis are not on point, the argument is unpersuasive.