JON 0. NEWMAN, Circuit Judge:
This appeal presents the question whether an order denying a request for a shareholder committee in a bankruptcy proceeding is appealable to the court of appeals or only reviewable upon appeal from a confirmation of a reorganization plan. Just before the submission of a plan of reorganization in the Johns-Manville bankruptcy proceeding, a joint shareholder committee representing common and preferred shareholders was disbanded by the Bankruptcy Court because of a divergence of interests between the classes of shareholders. Chief Bankruptcy Judge Burton R. Lifland denied the motion of a group representing approximately 300 common shareholders (“Wright Group”) to appoint a committee for common shareholders. The Wright Group appealed this ruling to the District Court for the Southern District of New York (Shirley Wohl Kram, Judge), which affirmed the order of the Bankruptcy Court. 68 B.R. 165. On appeal to the Second Circuit, Johns-Manville Corporation, the debtor in bankruptcy, moved to dismiss on the ground that the denial of the request to form a shareholder committee was not a “final” order as required by 28 U.S.C. § 168(d) (Supp. Ill 1985). Because orders denying requests for shareholder committees do not satisfy the finality requirement of 28 U.S.C. § 158(d) and because the present order does not meet the requirements of the collateral order doctrine, see Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), we dismiss the appeal.
Background
This appeal concerns the bankruptcy proceeding for Johns-Manville Corporation. The circumstances of this enormous Chapter 11 bankruptcy proceeding are discussed in In re Johns-Manville Corp., 36 B.R. 727 (Bankr.S.D.N.Y.), appeal denied, 39 B.R. 234 (S.D.N.Y.1984). At the outset of the reorganization proceeding in 1982, certain preferred and common shareholders, joined by the Securities and Exchange Commission (SEC), moved for the appointment of separate official committees to represent common and preferred shareholders. Under the Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, 92 Stat. 2626, as amended by Pub.L. No. 99-554, 100 Stat. 3101 (1986), unsecured creditors are the only group entitled to appointment of an official committee in all reorganizations. 11 U.S.C.A. § 1102(a) (West Supp.1987). With respect to other interested parties, the Act provides that the bankruptcy court “may order the appointment of additional committees of creditors or of equity security holders if necessary to assure adequate representation of creditors or of equity security holders.” 11 U.S.C. § 1102(a)(2). Acting pursuant to this authority, the Bankruptcy Court on November 5, 1982, denied the applications for separate common and preferred shareholder committees and directed the appointment of a single committee to represent all shareholders. This order was upheld by the District Court. In re Johns-Manville Corp., 38 B.R. 331, 332 (S.D.N.Y.1983). The Equity Committee was formed shortly after the Bankruptcy Court issued its November 5 order.
Negotiations among the several official committees progressed slowly through mid-1985. In August 1985, a proposal by the legal representative for future victims — which called for the establishment of a trust for asbestos health victims to be funded substantially by common stock of the reorganized corporation — was favorably received by all of the represented interests except the common shareholders. On April 21, 1986, Johns-Manville announced a proposed plan of reorganization that had been agreed to by the aslestos health claimants, the asbestos property damage claimants, the unsecured creditors, *179 and the preferred shareholders. At that point, the official shareholder committee became deadlocked by the divergence of the interests of common and preferred stockholders; consequently, the committee requested that it be disbanded and that separate official committees be appointed to represent preferred and common shareholders respectively. On July 31, 1986, Chief Judge Lifland disbanded the. shareholder committee and deferred consideration of new appointments pending application by appropriate parties. The Wright Group, approximately 300 shareholders who collectively own approximately 10% of the outstanding Johns-Manville common stock, and one other common shareholder moved for the appointment of an official committee to represent common shareholders. On October 9, 1986, Chief Judge Lif-land denied both motions. The Wright Group appealed to the District Court. Judge Kram affirmed denial of the Wright Group’s motion on November 20, 1986. 68 B.R. 155. The Wright Group, joined by the SEC as a statutory party, 11 U.S.C. § 1109(a) (1982); see Manville Corp. v. Equity Security Holders Committee, 801 F.2d 60, 61 n. 2 (2d Cir.1986), has appealed this determination.
It bears mentioning that the bankruptcy proceeding has not been stayed during the pendency of this appeal. On December 16, 1986, the Bankruptcy Court held a confirmation hearing. The proposed plan of reorganization was confirmed on December 22, 1986, and is presently on appeal to the District Court.
Discussion
Johns-Manville has moved to dismiss the appeal for lack of finality. Our jurisdiction to hear this appeal is governed by 28 U.S.C. § 158(d). “While subsection (a) of [section 158] permits [district courts to] hear appeals from interlocutory orders of bankruptcy courts, subsection (d) permits no such discretionary review by the courts of appeals.” In re Stable Mews Associates, 778 F.2d 121, 122 (2d Cir.1985). Rather, the courts of appeals’ jurisdiction “is more narrowly limited to ‘appeals from all final decisions, judgments, orders, and decrees’ of the bankruptcy court.” Id. (quoting 28 U.S.C. § 158(d)) (emphasis in original).
By the standards of finality applied in the typical civil case, see generally 9 Moore’s Federal Practice ¶¶ 110.06-08 (1987), the order appealed from clearly is not final. Denial of a request to appoint an official common shareholder committee does not fully and finally resolve the case, even with regard to the common shareholders. Shareholders are statutorily authorized to participate in the bankruptcy proceeding and to challenge the reorganization plan at the confirmation stage. 11 U.S.C. § 1109(b). The Bankruptcy Court’s ruling only denies them the advantages of official committee status, see 11 U.S.C.A. § 330(a) (West Supp.1987); 11 U.S.C. § 1103 (1982 & Supp. III 1985).
It is important to recognize, however, that the finality requirement is less rigidly applied in bankruptcy than in ordinary civil litigation. See In re Saco Local Development Corp., 711 F.2d 441, 444-46 (1st Cir.1983); 16 Wright, Miller & Cooper, Federal Practice and Procedure § 3926 at 69-73 (Supp.1986). In In re Saco, Judge Breyer points out that “Congress has long provided that orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case,” id. at 444 (emphasis in original), and that “a ‘final judgment, order, or decree’ under 28 U.S.C. § 1293(b) includes an order that conclusively determines a separable dispute over a creditor’s claim or priority.” Id at 445-46.[1]
Nonetheless, we do not believe that a bankruptcy court’s denial of a re *180 quest to appoint an official committee for shareholders is final even under the more flexible standard of finality applied in bankruptcy cases. The greater flexibility in allowing bankruptcy appeals reflects two special attributes of bankruptcy proceedings — their ongoing nature, frequently over long time periods, and the fact that discrete claims are often resolved at various points during these lengthy proceedings. See In re Saco Local Development Corp., supra, 711 F.2d at 445 (noting that the legislative history of the Bankruptcy Act of 1978 indicates that Congress intended “the relevant ‘judicial unit’ ... to remain the traditional ‘proceeding’ within the overall bankruptcy case, not the overall case itself” (emphasis in original)). To require that appeals of dispositions of discrete claims be forestalled until the completion of the entire bankruptcy proceeding would seriously delay adjudication of individual claims without significantly advancing final resolution of the larger proceeding. Thus, Judge Meskill’s comment in In re Stable Mews Associates, supra, 778 F.2d at 122, that there need only be “a final decision on the discrete issue at bar” is properly understood as limiting appellate review in bankruptcy cases to issues resolving particular disputes. Orders denying shareholder requests for official committee status do not resolve particular disputes within the overall bankruptcy case; they simply affect the committee structure within which various disputes in the reorganization proceeding will be considered. We conclude that such orders are not ap-pealable to the courts of appeals. Such orders remain reviewable upon appeal from any final order resolving a dispute concerning the group denied appointment of a committee. In this proceeding, such a final order would normally be the order confirming a plan of reorganization.
The Wright Group and the SEC contend that this case is similar to In re Amatex Corp., 755 F.2d 1034 (3d Cir.1985), in which the Third Circuit held that an order denying a request to appoint a legal representative for future asbestos claimants was ap-pealable. The Court based its decision on the fact that the bankruptcy court’s order excluded future asbestos claimants from any participation in the bankruptcy proceeding. Id. at 1040. By contrast, an order denying a request by shareholders for appointment of an official committee does not exclude shareholders from participation in the proceeding; it merely denies them the advantages of official committee status. We do not believe that this is tantamount to exclusion from participation in the proceeding.
There exist adequate avenues of immediate appellate review for denial of motions to appoint shareholder committees without automatic, immediate access to the courts of appeals during the pendency of a bankruptcy proceeding. Under 28 U.S.C. § 158(a), district courts are authorized to review interlocutory orders of the bankruptcy courts. Moreover, district courts may certify for appeal to the courts of appeals any interlocutory order meeting the statutory criteria of 28 U.S.C. § 1292(b) (Supp. III 1985). Cf. Coopers & Lybrand v. Livesay, 437 U.S. 463, 474-75, 98 S.Ct. 2454, 2460-61, 57 L.Ed.2d 351 (1978).
As a backstop position, the Wright Group argues that the Bankruptcy Court's order is appealable under the collateral order doctrine, see Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under this doctrine, a court of appeals may review an interlocutory order that (1) conclusively determines a disputed question, (2) resolves an important issue completely separable from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment. Id. at 646, 69 S.Ct. at 1225; Coopers & Lybrand v. Livesay, supra, 437 U.S. at 468, 98 S.Ct. at 2457.
Even if we accept the Wright Group’s contention that the first two requirements of the Cohen test are satisfied, it is clear that the Bankruptcy Court’s denial of the Wright Group’s request to appoint an official shareholder committee fails the third requirement. The Supreme Court has recently emphasized that Cohen’s exception to the final judgment rule is confined to “trial court orders affecting rights that *181 will be irretrievably lost in the absence of an immediate appeal.” Richardson-Merrell Inc. v. Koller, 472 U.S. 424, 430-31, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985) (holding that effective review of order disqualifying counsel is available on appeal after trial). The Wright Group will be able to challenge the denial of its request for official committee status separately from the validity of the confirmed plan at the conclusion of the bankruptcy proceeding. Cf. id. at 438, 105 S.Ct. at 2765. Of course, even if the Wright Group were to establish that the Bankruptcy Court erred in denying its request for an official common shareholder committee, the reviewing court could still find that such error was harmless. Fed.R.Civ.P. 61; see In re WestgateCalifornia Corp., 634 F.2d 459, 462 (9th Cir.1980). However, this is not a sufficient basis for establishing that an interlocutory order is effectively unreviewable after completion of the case. Cf. Richardson-Merrell Inc. v. Koller, supra, 472 U.S. at 437-38, 105 S.Ct. at 2764-65.[2]
Conclusion
Having determined that the Bankruptcy Court’s denial of the Wright Group’s motion for appointment of an official common shareholder committee is not a final order under 28 U.S.C. § 158(d) nor appealable under the collateral order doctrine, we dismiss the appeal.

. Title I of the Bankruptcy Reform Act of 1984, Pub.L. No. 98-353, 98 Stat. 333, 341, 343, promulgated 28 U.S.C. § 158 and repealed 28 U.S.C. § 1293. Although the language of 28 U.S.C. § 158(d) and 28 U.S.C. § 1293(b) differ slightly, the analysis of the availability of appellate review in In re Saco Local Development Corp., supra, is applicable to the availability of review under 28 U.S.C. § 158(d). See In re Stable Mews Associates, supra, 778 F.2d at 123; In re American Colonial Broadcasting Corp., 758 F.2d 794, 799-800 (1st Cir.1985).

. In Richardson-Merrell, the Supreme Court repeated its analysis, set forth in Flanagan v. United States, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), concerning the unavailability of an interlocutory appeal of a disqualification order regardless of whether prejudice was required to obtain a reversal of the ultimate judgment. In Flanagan the Court noted that if prejudice is not required, the disqualification ruling is effectively reviewable on appeal from a final judgment. Id. at 268, 104 S.Ct. at 1056. On the other hand, if prejudice is required, then the disqualification ruling fails to satisfy the requirement that an appealable interlocutory ruling must be completely separate from the merits. Id. This analysis might be read to suggest that if prejudice is a requirement for reversal, a disqualification ruling would satisfy the test of being effectively unreviewable on appeal from a final judgment, but would fail only the test of separability from the merits. We think this reading is unwarranted. In Flanagan the Court made clear that it was not deciding whether a challenge to the final judgment would provide plainly ineffective review of a disqualification order. Id. The Court noted that the absence of a prejudice requirement would cause the disqualification ruling to fail the test of effective unreviewability, not that a prejudice requirement would necessarily demonstrate effective unreviewability. In any event, we see no basis to conclude that a ruling denying appointment of a shareholders’ committee in a bankruptcy proceeding can be considered effectively unreviewable on appeal from a final judgment simply because reversal would require both a determination that the committee was erroneously denied and that the denial adversely affected the substantial rights of the shareholders.