**In re HUTTER.**

**Nance Hutter, Debtor–Appellant,**

**Gerhard P. Hutter, Appellant,**

v.

**Richard M. Coan, Trustee, Trustee–Appellee.**

**Docket No. 02–5015.**

United States Court of Appeals, Second Circuit.

Sept. 12, 2002.

Nance Hutter, pro se, Greenwich, Conn. (Gerhard P. Hutter, pro se, Greenwich, CT, on the brief), for Appellants.

Timothy D. Miltenberger, Coan, Lewendon, Gulliver & Miltenberger, LLC, New Haven, CT, for Appellee.

Present CALABRESI, B.D. PARKER, Circuit Judges, and COTE, District

Judge.*

The Hutters appealed this order to the district court (Squatrito, *J.*), which affirmed the interim fee award. This appeal followed.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Appeal be and it hereby is **DISMISSED.**

## BACKGROUND

This case grows out of Nance Hutter's 1994 bankruptcy petition. In 1996, the bankruptcy-court-appointed Trustee, Richard Coan, began an adversary proceeding against Ms. Hutter's husband, Gerhard Hutter, seeking authorization to sell Gerhard's interest in a residence that the Hutters co-owned. *See In re Hutter,* No. 01–5040, 2002 WL 1635715 at *1 (2d Cir.2002). On June 25, 1997, the bankruptcy court authorized the Trustee to employ his law firm, Coan, Lewendon, to prosecute the adversary proceeding, which authorization the same court made effective *nunc pro tunc* to May 1, 1996. *See In re Hutter,* 215 B.R. 308, 315–16 (Bankr.D.Conn. Dec.12, 1997).

After concluding the adversary proceeding, in November 1999, the Trustee applied for final compensation for work performed between May 1, 1996 and September 15, 1999. The Hutters objected on various grounds, including that the retroactive aspect of the order authorizing the Trustee to retain his law firm was at issue in a pending appeal. The Trustee then modified his application, requesting fees only for work performed after June 25, 1997. This application the bankruptcy judge granted, noting that "[District] Judge Squatrito ... has before him

the application on the *nunc pro tunc,* and I'll wait to see what he decides on that and we'll take it up when appropriate." Hearing on Doc. # 538–1 and Doc. # 541–1 Before the Hon. Alan H.W. Shiff, Chief U.S. Bankruptcy Judge, Bridgeport, Conn., Nov. 30, 1999, at 7. The Trustee then stated,

> Your Honor, may I just say on the record that we had styled this application as a final application, but now, in view of ... the issue of the *nunc pro tunc,* in my view it should not be considered to be a final application and I'd like to reserve the possibility of coming back in the future.

*Id.* at 8. The bankruptcy court agreed, and entered an order for interim compensation. *Id.*

The Hutters appealed this order to the district court (Squatrito, *J.*), which affirmed the interim fee award. This appeal followed.

## DISCUSSION

"[W]hile a district court has jurisdiction to hear bankruptcy appeals not only from bankruptcy court orders that are final, but also from orders that are nonfinal if taken with leave of the district court, [28 U.S.C. § ] 158(d) confers appellate jurisdiction in the courts of appeals only over 'final' district court orders." *In re Palm Coast,* 101 F.3d 253, 256 (2d Cir.1996). "For purposes of appeal, the concept of 'finality' is more flexible in the bankruptcy context than in ordinary civil litigation," *id.,* but this Court nonetheless has stated that "[i]nterim awards are, by definition, not final." *In re Stable Mews Assocs.,* 778 F.2d 121, 123 n. 3 (2d Cir.1985). Because the subject of the present appeal is a

---

* The Honorable Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

district court decision approving an award of interim compensation to the Trustee's attorney, we lack jurisdiction over the appeal. *See id.*, at 122–25.[1]

Accordingly, the appeal is DISMISSED for want of jurisdiction.

---

1. *Stable Mews* does allow that an interim order may be final on independent grounds, *see id.* at 123 n. 3 (citing cases), but those circumstances are irrelevant here.

