SECURITIES AND EXCHANGE COMMISSION and Commodity Futures Trading Commission, Plaintiffs–Appellees,

Alan M. Cohen, Temporary Receiver of Princeton Economics International Ltd. and Princeton Global Management Ltd., Appellee,

v.

PRINCETON ECONOMICS INTERNATIONAL LTD. and Princeton Global Management Ltd., Defendants,

Martin A. Armstrong, Defendant–Appellant.

Docket Nos. 00–6076, 00–6156.

United States Court of Appeals, Second Circuit.

March 27, 2001.

Bernard V. Kleinman, Esq., Purchase, NY, for appellant.

Martin Glenn, O'Melveny & Myers LLP; Tancred V. Schiavoni, on the brief, New York, NY, for appellee Cohen.

Katharine B. Gresham, Assistant General Counsel, Securities and Exchange Commission; David M. Becker, General Counsel, Jacob H. Stillman, Solicitor, Leslie E. Smith, Senior Litigation Counsel, Meyer Eisenberg, Deputy General Counsel, on the brief, Washington, DC, for appellee Securities and Exchange Commission.

Nancy R. Page, Assistant General Counsel, Commodity Futures Trading Commission; C. Robert Paul, General Counsel, Kirk Manhardt, Deputy General Counsel, on the brief, Washington, DC, for appellee Commodity Futures Trading Commission.

Present WALKER, Chief Judge,
JACOBS and CALABRESI, Circuit
Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED for want of jurisdiction.

Defendant-appellant Martin Armstrong appeals from a January 14, 2000 order of the District Court for the Southern District of New York (Owen, *J.*) holding him in contempt and ordering him detained him until he agrees to deliver a variety of items included in "turn-over" orders issued by the district court on September 13, 1999 and January 7, 2000.

The district court ordered Armstrong to turn over to appellee Alan M. Cohen, court-appointed receiver for defendants Princeton Economics International Ltd. and Princeton Global Management Ltd. ("Receiver"), a variety of the corporate defendants' assets, including a host of rare coins, a computer, a computer hard disk, and a bust of Julius Caesar. Armstrong turned over some of the items, but the bulk were, and are, undelivered. On January 14, 2000, the district court held a hearing on the Receiver's motion to hold Armstrong in contempt. Armstrong testified that he was unable to comply with the order because many of the assets were no longer in his control. The district court found that Armstrong's unsupported assertions were insufficient to demonstrate inability to comply. At the hearing, the district court held Armstrong in contempt

and ordered him confined at the Metropolitan Correctional Center in Manhattan until he turns over the remaining assets or demonstrates inability to do so, but in no event for longer than 18 months.

Armstrong appealed the contempt order. On July 24, 2000, this court ordered the district court to clarify the items that remained outstanding and allowed Armstrong to return to this court to press his appeal after the district court's clarification. The district court provided such clarification on August 25, 2000, and thus the case returns to our care, albeit temporarily: we now hold that we lack jurisdiction to entertain Armstrong's appeal.

■ Under 28 U.S.C. § 1291, this court's appellate jurisdiction is limited to final orders of the district courts. An order imposing civil, rather than criminal, contempt is not such a final order and, accordingly, is not ordinarily appealable. *See, e.g., Pro–Choice Network of W.N.Y. v. Walker,* 994 F.2d 989, 994 (2d Cir.1993); *In re von Bulow,* 828 F.2d 94, 98 (2d Cir.1987). In distinguishing criminal and civil contempt sanctions, we inquire whether the sanction's purpose was to coerce compliance and whether the contemnor was given the opportunity to cure his contempt and thereby end the sanction. *See Int'l Union, United Mine Workers v. Bagwell,* 512 U.S. 821, 828, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994); *N.Y. State Nat'l Org. for Women v. Terry,* 886 F.2d 1339, 1351 (2d Cir.1989).

■ Notwithstanding Armstrong's protests to the contrary, the contempt sanction here was clearly civil in both purpose and function. In its response to our request for clarification, the district court stated repeatedly that the sanction was intended to be civil, not criminal, and that the order was intended to coerce Armstrong's compliance with the turn-over or-

der, not to punish him for prior conduct. Perhaps more important, however, is the fact that Armstrong could end his contumacy, and thereby his detention, at any time by complying with the turn-over order. He is truly, in that regard, master of his own destiny. Because the district court's order directing Armstrong's imprisonment imposed only a civil contempt sanction, we lack jurisdiction to review the order.

Accordingly, the appeal is hereby DISMISSED for want of jurisdiction.