**Charles R. LIVECCHI, Sr., Appellant,**

v.

**Kenneth W. GORDON,
Trustee, Appellee.**

**No. 13–cv–6646–EAW.**

United States District Court,
W.D. New York.

Signed July 16, 2014.

---

Charles R. Livecchi, Sr., Rochester, NY, pro se.

Kenneth W. Gordon, Gordon and Schaal LLP, Rochester, NY, for Appellee.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

### I. INTRODUCTION

This is an appeal from an order of the United States Bankruptcy Court for the Western District of New York, entered on October 18, 2013. (Dkt. 1–5). In that order, Bankruptcy Judge Paul R. Warren granted the motion of the Chapter 7 Trustee ("Trustee") to find the debtor-appellant, Charles R. Livecchi, Sr. ("Debtor"), in civil contempt of the Bankruptcy Court's February 28, 2011 order. The Bankruptcy Court directed Debtor to comply with its February 28, 2011 order requiring that Debtor turn over certain assets to Trustee, and further ordered sanctions for Debtor's failure to comply.

On appeal, Debtor, proceeding *pro se,* challenges the contempt order, and raises a number of additional objections to prior orders of the Bankruptcy Court. (Dkt. 1). For the reasons that follow, the October 18, 2013 order of the Bankruptcy Court is affirmed.

### II. BACKGROUND

On April 8, 2009, Debtor filed a voluntary Chapter 11 petition with the Bankruptcy Court for the purpose of restructuring his finances. On January 21, 2010, Trustee filed a motion to convert the case to Chapter 7, alleging that Debtor was not pursuing a realistic Chapter 11 plan. According to Trustee, Debtor was not planning to sell his properties to pay creditors, but rather was planning to utilize speculative recoveries from various pending lawsuits to cover his debts. Debtor's creditors examined Debtor and reported to the Bankruptcy Court that Debtor had no intention to sell his properties to satisfy his debts. On September 21, 2010, the Bankruptcy Court granted Trustee's motion to convert the case to a Chapter 7 case pursuant to 11 U.S.C. § 1112.

At the time of filing his original petition, Debtor included a number of vehicles and parcels of real property in his bankruptcy schedules, but he did not claim those vehicles or real properties to be exempt. Among the assets listed in Debtor's bankruptcy schedules were the following vehicles: (1) a 2005 Chevrolet Silverado Pickup; (2) a 2003 Chevrolet Suburban; (3) a 2006 Harley Davidson V–Rod; and (4) a 2005 Chevrolet Malibu. (Dkt. 1–5).

After Debtor refused to respond to Trustee's requests regarding Debtor's intentions for these and other properties, Trustee filed a motion pursuant to 11 U.S.C. § 542 on January 27, 2011, for an order to compel Debtor to turn over his assets. Debtor opposed the motion.

On February 28, 2011, the Bankruptcy Court granted Trustee's motion in a "turn-

over order" and directed Debtor to surrender the keys and title documents for the four vehicles to Trustee. Debtor appealed the order, and on December 9, 2011, this Court affirmed the turnover order of the Bankruptcy Court. *See Livecchi v. Gordon,* 11–CV–6178L, 2011 WL 6148627, at *1–2 (W.D.N.Y. Dec. 9, 2011) (Larimer, J.). Debtor's motion for reconsideration was denied on December 23, 2011. *See Livecchi v. Gordon,* No. 6:11–cv–06178–DGL, 2011 WL 6148627 (W.D.N.Y. Dec. 09, 2011) (order denying motion for reconsideration).

Trustee reports multiple unsuccessful attempts over the course of approximately 21 months to get Debtor to comply with the turnover order. (Dkt. 6 at 3). On September 13, 2013, Trustee filed a motion with Bankruptcy Court to hold Debtor in contempt and to sanction Debtor for his refusal to comply with the turnover order. (Dkt. 1–1). Debtor opposed the motion and also filed a supplemental objection to the request. (Dkt. 1–2, 1–3).

The Bankruptcy Court heard the arguments of both parties on October 10, 2013, and subsequently issued an order on October 13, 2013, holding Debtor in civil contempt and imposing a civil sanction of $100.00 for each day that Debtor continued to fail to comply with the turnover order. (Dkt. 1–5). The contempt order further awarded Trustee $500.00 in attorneys' fees. (*Id.*). On October 28, 2013, Debtor filed an appeal of the contempt order with this Court. (Dkt. 1).

Debtor's bankruptcy proceedings remain pending in the Bankruptcy Court.

## III. DISCUSSION

### A. Standard of Review

■ "District courts are vested with appellate jurisdiction over bankruptcy court rulings pursuant to 28 U.S.C. § 158(a)."

*In re Plumeri,* 434 B.R. 315, 327 (S.D.N.Y. 2010). On appeal, the Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr.P. 8013. "Generally in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law *de novo.*" *In re Charter Commc'ns, Inc.,* 691 F.3d 476, 482–83 (2d Cir.2012).

### B. Scope of Appeal

■ Although Debtor's brief raises a number of objections to prior actions of Trustee and rulings of the Bankruptcy Court during Debtor's bankruptcy proceedings, the only issue properly before the Court at this juncture is the propriety of the Bankruptcy Court's October 18, 2013 contempt order. *See Livecchi,* 2011 WL 6148627, at *1 ("[T]he appeal is nonetheless limited in scope to review of the order appealed from ... Debtor may not use this interlocutory appeal as a vehicle to challenge virtually everything that has occurred thus far in his bankruptcy case.").

In his briefs to the Court, Debtor attempts to contest the underlying turnover order, arguing that he was not properly allowed his homestead, motor vehicle, and tools of trade exemptions under state and federal law. (Dkt. 5 at 6–7; Dkt. 7 at 3–4). This issue is not presently before the Court. Any challenge to the turnover order should have been raised in Debtor's prior opposition to Trustee's motion for a turnover order or at the appeal from the order granting that relief. *See In re Best Payphones, Inc.,* 432 B.R. 46, 60 (S.D.N.Y. 2010) (finding that appellant's argument that was not raised at the appropriate time before the Bankruptcy Court "has been waived and will not be considered by this Court."), *aff'd,* 450 Fed.Appx. 8 (2d Cir. 2011). Accordingly, the Court will only

address the issue of whether the Bankruptcy Court erred in finding that Debtor was in contempt of its February 28, 2011 order, and whether the Bankruptcy Court abused its discretion in imposing sanctions on Debtor for his failure to comply with the same.[1]

## C. Finding of Civil Contempt

■ "A court may hold a party in civil contempt for failure to comply with an order where (1) the order is clear and unambiguous, (2) proof of noncompliance is clear and convincing, and (3) the party has not been reasonably diligent in attempting to accomplish what was ordered." *In re Stockbridge Funding Corp.*, 158 B.R. 914, 917 (S.D.N.Y.1993).

■ Here, the order of the Bankruptcy Court is clear and unambiguous. The Bankruptcy Court directed Debtor to "turnover within five days from the date of this order the original title certificates and keys for the debtor's 2005 Chevrolet Silverado pickup; 2003 Chevrolet Suburban; 2006 Harley Davidson V–Rod; and 2005 Chevrolet Malibu and advise the Trustee of the location of each said vehicle...." (Dkt. 1–1 at 5).

Further, the proof of Debtor's noncompliance is clear and convincing, and it is apparent that Debtor has not been reasonably diligent in complying with the order. In fact, Debtor has verbally indicated that he has no intention of complying with the turnover order. At the October 10, 2013 motion hearing, the Bankruptcy Court asked Debtor if he was still in possession of the four vehicles referenced in the court's February 28, 2011 order. (Dkt. 1–10 at 7). Debtor responded that he had the vehicles, and that they were "[a]round Rochester here, parked in different areas." (Dkt. 1–10 at 7). The Bankruptcy Court asked Debtor if he was going to cooperate in turning over the vehicles or in allowing Trustee to determine the value of the vehicles. (Dkt. 1–10 at 9). Debtor responded: "I'm saying that whatever comes out of this court, I will appeal." (Dkt. 1–10 at 9). Based on the arguments presented during the October 10 hearing, as well as the papers presented, the Bankruptcy Court determined that Debtor did not intend to cooperate in the surrender of his four vehicles. (Dkt. 1–10 at 9–10). Accordingly, the Bankruptcy Court imposed sanctions on Debtor in the amount of $100 for each day that he did not comply with the turnover order, and further awarded Trustee $500.00 in attorneys' fees. (Dkt. 1–5).

Debtor does not deny that he has failed to comply with the turnover order, nor

---

1. The Court notes that Debtor was required to request leave to file this interlocutory appeal. *See* Fed. R. Bankr.P. 8001(b); 28 U.S.C. § 158(a)(3). "An order imposing civil, rather than criminal, contempt is not ... a final order and, accordingly, is not ordinarily appealable." *S.E.C. v. Princeton Econs. Int'l, Ltd.*, 7 Fed.Appx. 65, 66 (2d Cir.2001). However, pursuant to Fed. R. Bankr.P. 8003(c), "[i]f a required motion for leave to appeal is not filed, but a notice of appeal is timely filed, the district court ... may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court ... may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal." *See In re Enron Corp.*, 316 B.R. 767, 768 n. 5 (S.D.N.Y.2004) ("Although [debtor] has not moved for leave, under Fed. R. Bankr.P. 8003(c) the Court may consider the notice of appeal as a motion for leave."). Accordingly, the Court construes Debtor's timely Notice of Appeal as a Motion for Leave to Appeal. Because the parties have fully briefed the underlying appeal, the Court grants leave to appeal on the papers already filed. *See In re Beker Industs. Corp.*, 89 B.R. 336, 341 n. 3 (S.D.N.Y.1988) ("Because appellants in this case reasonably believed that they were entitled to an appeal as of right ... and because the parties have thoroughly briefed the issue of appealability, this Court has decided to grant leave to appeal exclusively on the papers already filed.").

does he contend that he has been reasonably diligent in attempting to comply with the order. Similarly, Debtor has not offered a reasonable explanation for his failure to comply. Although Debtor argues that his compliance with the turnover order would "mean that [Debtor] would find himself without transportation and without any means of obtaining said transportation," (Dkt. 7 at 5), this argument would have been more appropriately addressed during the initial turnover order motion and prior appeal.

Debtor is now faced with an order of the Bankruptcy Court, affirmed by this Court, that sets forth in clear and unambiguous language that Debtor must turnover to Trustee his four vehicles. (Dkt. 1–1 at 4). Any failure to comply with this directive supports a finding that Debtor is in civil contempt of a court order. *See In re Stockbridge*, 158 B.R. at 917 (finding the bankruptcy court's finding of contempt was supported by "clear and convincing evidence" where the court "clearly and unambiguously" directed debtor to turn over documents to Trustee and debtor refused to comply); *In re Kalpana Elecs., Inc.*, 58 B.R. 326, 338–39 (Bankr.E.D.N.Y.1986) (determining a finding of civil contempt and the imposition of sanctions was appropriate where the sole shareholder and officer of the debtor willfully refused to turn over the keys to a property as ordered by the bankruptcy court).

It is apparent from Debtor's own statements at the October 10 motion hearing that he has not complied with the turnover order and he does not intend to comply. As a result, the Bankruptcy Court's findings of fact are supported by the record and are not clearly erroneous. Furthermore, there is no error in the Bankruptcy Court's legal conclusion that Debtor was in contempt.

## D. Imposition and Calculation of Sanctions

The Bankruptcy Court did not abuse its discretion in imposing sanctions on Debtor for his civil contempt.

■ "Pursuant to a bankruptcy court's civil contempt power, derived from 11 U.S.C. § 105(a), a court may impose sanctions to remedy violations of its orders." *In re Free*, 466 B.R. 48, 56–57 (Bankr.W.D.Pa.2012). " 'Although the decision to impose sanctions is uniquely within the province of a bankruptcy court, the appellate court nevertheless needs to ensure that any such decision is made with restraint and discretion.' " *In re Plumeri*, 434 B.R. at 327 (quoting *In re Highgate Equities, Ltd.*, 279 F.3d 148, 152 (2d Cir. 2002)) (internal alterations omitted). " 'A bankruptcy court's decision regarding an award of fees and sanctions is subject to review for an abuse of discretion.' " *Hawkins v. Levine*, 426 B.R. 36, 40 (N.D.N.Y. 2010) (quoting *Yarinsky v. Saratoga Springs Plastic Surgery*, 310 B.R. 493, 498 (N.D.N.Y.2004)).

■ "Civil contempt sanctions may be fashioned to coerce compliance or to compensate a complainant for his actual losses, and are to be distinguished from criminal contempt sanctions which are intended to punish a contemnor or to vindicate a court's authority." *In re Stockbridge*, 158 B.R. at 918. "Sanctions which accrue daily until compliance are generally civil, while fixed penalties are usually criminal...." *Id.* at 919 (determining that a fixed fine of $1,000 imposed by the bankruptcy court was an impermissible criminal penalty for a civil contempt).

■ Here, in determining the appropriate sanctions, cases from Vermont, Pennsylvania, and the Western District of New York were cited to the Bankruptcy Court, setting civil penalties as high as $500 per

day for a debtor's failure to turn over assets to a trustee. (Dkt. 1–10 at 3–4); *see In re Free*, 466 B.R. at 60 (determining a fine of $500.00 per day would be appropriate civil contempt sanction where the debtor failed to provide information to the trustee as required by court order); *In re Goodman*, 81 B.R. 786, 795 (Bankr. W.D.N.Y.1988) (finding the debtor's violation of the bankruptcy court's "clear directive" would result in a "per diem fine of $500 for each day enforcement activities continue"), *aff'd in part, rev'd in part on other grounds sub nom. N.L.R.B. v. Goodman*, 90 B.R. 56 (W.D.N.Y.1988); *In re L.H. & A. Realty, Inc.*, 62 B.R. 910, 918 (Bankr.D.Vt.1986) (concluding that a fine of $100.00 per day would be an appropriate sanction if the debtor failed to comply with bankruptcy court's order to turn over a $5,000.00 deposit to the trustee).

The Bankruptcy Court explained that the $100 per day civil penalty broke down to $25 per vehicle for each of the four vehicles Debtor refused to produce. (Dkt. 1–10 at 10). In light of the cited case law placing similar or higher civil penalties on debtors for similar conduct, and in consideration of Debtor's stated and continued refusal to comply with the turnover order, the Bankruptcy Court did not abuse its discretion in imposing coercive civil penalties on Debtor for his civil contempt.

The Bankruptcy Court also appropriately assigned remedial civil penalties to the extent that it required Debtor to pay attorneys' fees. Trustee has incurred a number of extra expenses attempting to perform his work in the best interest of the estate that would not have been incurred in a typical bankruptcy case due to the continued failure of Debtor to comply with the Bankruptcy Court's orders. *See In re Free*, 466 B.R. at 59 ("Furthermore, not only has the Trustee's Counsel incurred excessive fees due to Debtor's mis-conduct, but we also find that the Trustee has been forced to go above and beyond what is required in a typical bankruptcy case due to the egregious behavior of the Debtor."). Accordingly, it was within the Bankruptcy Court's discretion to impose a remedial sanction of $500.00 for Trustee's attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, the order of the United States Bankruptcy Court for the Western District of New York, entered on October 18, 2013 (Dkt. 1–5), is affirmed in all respects.

SO ORDERED.