Charles R. LIVECCHI, Sr., Appellant,

v.

Kenneth W. GORDON,
Trustee, Appellee.

14–cv–6179 EAW

United States District Court,
W.D. New York.

Signed July 16, 2014

Charles R. Livecchi, Sr., Rochester, NY, pro se.

Kenneth W. Gordon, Gordon and Schaal LLP, Rochester, NY, for Appellee.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, United States District Judge

## I. INTRODUCTION

This is an appeal from a February 20, 2014,[1] order of the United States Bankruptcy Court for the Western District of New York, approving the application of Appellee–Trustee ("Trustee") for interim compensation and Chapter 7 administrative expenses. (Dkt. 1–18). On appeal, Appellant–Debtor ("Debtor"), proceeding *pro se*, challenges the compensation awarded to Trustee, Trustee's law firm, and the professionals hired by Trustee to assist with management of the estate. (Dkt. 1). Because Trustee filed the proper applications and the Bankruptcy Court carefully considered the applications as well as the arguments of both parties, the Court affirms the order dated February 20, 2014, of the Bankruptcy Court awarding interim compensation and reimbursement.

## II. BACKGROUND

On April 8, 2009, Debtor filed a voluntary Chapter 11 petition with the Bankruptcy Court for the purpose of restructuring his finances. On January 21, 2010, Trustee filed a motion to convert the case to Chapter 7, alleging that Debtor was not pursuing a realistic Chapter 11 plan. On September 21, 2010, the Bankruptcy Court granted Trustee's motion to convert the case to a Chapter 7 case pursuant to 11 U.S.C. § 1112.

In January 2013, Trustee filed a First Interim Distribution request with the Bankruptcy Court. The Bankruptcy Court awarded the interim application in an order filed March 4, 2013. Debtor appealed the order, but the appeal was dismissed by this Court for failure to perfect the appeal. *See Livecchi v. Gordon,* No. 13–CV–6236L, 2013 U.S. Dist. LEXIS 159724, at *3–4 (W.D.N.Y. Nov. 7, 2013) (Larimer, J.).

On January 15, 2014, Trustee filed a "Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object (NFR)." (Dkt. 1–5). On February 13, 2014, the Bankruptcy Court held a hearing to address the request for interim compensation. In writing and at the hearing, Debtor objected to the second interim application. (Dkt. 1–10; 1–13; 1–17). On February 20, 2014, the Bankruptcy Court issued an "Order Allowing Compensation and Chapter 7 Administrative Expenses

---

1. In his Notice of Appeal, Debtor states that he is appealing an October 18, 2013 order. (Dkt. 1). The October 18, 2013 order is addressed in a separate appeal to this Court. *See Livecchi v. Gordon,* 513 B.R. 209 (W.D.N.Y.2014) (decision and order). For the record on appeal at issue in the above-captioned matter, Debtor requests that an order dated February 20, 2014, be included in the record on appeal. (Dkt. 1–1 at 1). Additionally, Debtor's and Trustee's briefs discuss the February 20, 2014 order. (Dkt. 4, 5, 6). Accordingly, the Court construes Debtor's appeal as pertaining to the February 20, 2014 order.

for Trustee's Second Interim Report and Distribution." (Dkt. 1–18). The Bankruptcy Court approved the following payments: (1) $10,342.31 to Kenneth W. Gordon, Trustee, for compensation; (2) $97.00 to Kenneth W. Gordon, Trustee, for expenses; (3) $13,530.00 to Gordon & Schaal, LLP, for compensation; (4) $3,149.00 to Antoinette Spina, CPA, in compensation for accountant services; and (5) $1,500.00 to James Sandoro, in compensation for a vehicle appraisal. (*Id.*).

On March 3, 2014, Debtor filed his Notice of Appeal with this Court, challenging the compensation awarded to Trustee, Trustee's law firm, and the professionals hired by Trustee. (Dkt. 1).

## III. DISCUSSION

### A. Standard of Review

■ "District courts are vested with appellate jurisdiction over bankruptcy court rulings pursuant to 28 U.S.C. § 158(a)." *In re Plumeri*, 434 B.R. 315, 327 (S.D.N.Y. 2010). On appeal, the Court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. "Generally in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law *de novo*." *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 482–83 (2d Cir.2012). However, the Court may not consider this appeal unless the order being appealed from is final or the Court grants leave to appeal an interlocutory order. Fed. R. Bankr. P. 8001; 28 U.S.C. § 158(a)(3).

### B. Finality of the Interim Distribution Order

As an interlocutory appeal, this matter has not been appropriately brought before the Court because it is an appeal from a decision that is not final.

11 U.S.C. § 331 permits a trustee and other professional persons to apply to the Bankruptcy Court for an interim order for compensation or reimbursement for costs related to assisting the trustee in carrying out the trustee's duties. The Bankruptcy Court may allow the requested compensation after notice and a hearing on the issue. 11 U.S.C. § 331.

■ "Under the specific language of section 331, the compensation to be awarded to a professional under that section is interlocutory only and not final. Thus, appeals of bankruptcy court orders on interim compensation pan be taken to the district courts ... only by leave." 3 Collier on Bankruptcy ¶ 331.04(1). This is because, although the Bankruptcy Court may award payment of interim fees, the interim fees are subject to adjustment in light of the final award of compensation. *See* 11 U.S.C. § 330(a)(5). If the Bankruptcy Court determines at the final award of compensation that the interim payments exceeded the appropriate amounts, then the interim payment recipient may be required to refund the excess amount. *Id.* Further, an application for interim fees may be made once every 120 days, or as often as the Bankruptcy Court permits. *See* 11 U.S.C. § 331. As a result, "[a] decision approving a partial payment of fees to a trustee/attorney whose meter is still running simply is not ... a final decision." *In re. Stable Mews Assocs.*, 778 F.2d 121, 122–23 (2d Cir.1985).

Because the Bankruptcy Court's interim award is not a final decision, Debtor may not appeal the award as of right. Rather, Debtor was required to request leave to appeal. Fed. R. Bankr. P. 8001(b); 28 U.S.C. § 158(a)(3). Debtor did not request leave to appeal.

■ However, pursuant to Fed. R. Bankr. P. 8003(c), "[i]f a required motion

for leave to appeal is not filed, but a notice of appeal is timely filed, the district court ... may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court ... may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal." *See In re Enron Corp.*, 316 B.R. 767, 768 n. 5 (S.D.N.Y.2004) ("Although [debtor] has not moved for leave, under Fed. R. Bankr. P. 8003(c) the Court may consider the notice of appeal as a motion for leave."). Accordingly, the Court construes Debtor's timely Notice of Appeal as a Motion for Leave to Appeal. Because the parties have fully briefed the underlying appeal, the Court grants leave to appeal on the papers already filed. *See In re Beker Industs. Corp.*, 89 B.R. 336, 341 n. 3 (S.D.N.Y.1988) ("Because appellants in this case reasonably believed that they were entitled to an appeal as of right ... and because the parties have thoroughly briefed the issue of appealability, this Court has decided to grant leave to appeal exclusively on the papers already filed.").[2]

## C.  Award of Interim Distribution

Interim distributions are permitted by bankruptcy law and Trustee filed the proper materials in requesting the distribution. Therefore, the Bankruptcy Court did not err in awarding the interim distribution, and the order of the Bankruptcy Court is affirmed.

**2.**  Although Debtor's brief raises a number of objections to prior actions of Trustee and the Bankruptcy Court during Debtor's bankruptcy proceedings, including allegations against Kathleen Schmitt, United States Trustee, the only issue properly before the Court at this juncture is the propriety of the Bankruptcy Court's February 20, 2014 order approving Trustee's interim distribution application. *See Livecchi v. Gordon*, No. 11–CV–6178L, 2011 WL 6148627, at *1, 2011 U.S. Dist.

### 1.  Interim Distributions, Generally

Debtor claims that there is "no such report as an INTERIM FINAL REPORT; instead, there are interim payments that could be made to those that are considered 'administrative expenses.' No other payments can be made and no other reports can be deemed 'final' unless they are in fact FINAL." (Dkt. 4 at 5) (emphasis in original). Debtor reasons that "[t]he bankruptcy court has a form or template for EVERY procedure allowed, thus if it is not present within the bankruptcy system or available within the United States Trustee then it is NOT ALLOWED." (*Id.* at 11) (emphasis in original). Debtor further contends that the only interim distributions permitted are administrative expenses, and therefore the compensation allowed by the Bankruptcy Court is not permitted by law. (Dkt. 6 at 4–5).

Contrary to Debtor's assertions, 11 U.S.C. § 331 expressly provides for interim compensation and reimbursement, and this provision is not limited to "administrative expenses." Rather, interim payments may be made for "*compensation for services* rendered before the date of such an application or reimbursement for expenses incurred before such date." 11 U.S.C. § 331 (emphasis added).

■ As a matter of policy, in "more complex, longer-lasting chapter 7 cases, the courts should consider, allow and provide for payment of interim compensation under section 331." 3 Collier on Bank-

LEXIS 141693, at *3 (W.D.N.Y. Dec. 9, 2011) ("[T]he appeal is nonetheless limited in scope to review of the order appealed from ... Debtor may not use this interlocutory appeal as a vehicle to challenge virtually everything that has occurred thus far in his bankruptcy case."). Accordingly, the Court will only address the issue of whether or not the Bankruptcy Court erred in awarding Trustee's request for interim distribution.

ruptcy ¶ 331.06(1). As Ms. Schmitt and Trustee noted at the February 13, 2014 hearing, where a bankruptcy proceeding carries out over a number of years, as it has in the instant case, there is an incentive to seek interim payments for the benefit of the estate. (Dkt. 8 at 10–15). By allowing interim distributions, Trustee is able to avoid the accumulation of bank fees on the total of the estate's assets. (*Id.*). Additionally, interim distributions allow creditors to receive at least partial payment instead of being required to wait for years for any kind of payout. (*Id.*).

■ A trustee is required to demonstrate how the interim fees will be paid from the estate, and cannot use interim fees to drain the estate's resources. 3 Collier on Bankruptcy ¶ 331.06(1)(a). *Cf. In re Soltan,* 234 B.R. 260, 280–81 (Bankr. E.D.N.Y.1999) (finding estate too insolvent to permit payment of interim compensation). Here, Trustee has demonstrated that there are sufficient funds to make interim payments, and that there are future opportunities for liquidation of assets to further satisfy, at least in part, the outstanding claims of Debtor's creditors. (Dkt. 1–5).

Trustee asserts that he has provided all required reports to the Bankruptcy Court in detail to support his requests for interim compensation. (Dkt. 5 at 3). Specifically, Trustee included: (1) total funds collected from the liquidation of each asset (Dkt. 1–3 at 3–6); (2) each deposit made and check written for the estate (*id.* at 7–31); (3) each allowed claim and the current balance of each claim against the estate (*id.* at 32–37); and (4) the proposed payment to each claimant and the amount of the estate's payment to each claimant pursuant to the first interim distribution (*id.* at 1–2, 38–41). Trustee states that all financial records and bank statements were reviewed by the United States Trustee's Office prior to the filing of the second interim distribution report. (Dkt. 5 at 4). Ms. Schmitt confirmed at the February 2014 hearing that the United States Trustee's Office reviewed all checks and financial records. (Dkt. 8 at 16); *see* 28 U.S.C. § 586(a)(3)(A)(i)-(ii).

■ Any other arguments by Debtor that Trustee was required to produce copies of documents for review, (Dkt. 4 at 14), or that Trustee has failed to comply with bankruptcy law, (Dkt. 6 at 6), are not properly before this Court. On this appeal, this Court is limited to considering whether, in light of the information provided and the arguments received, the Bankruptcy Court correctly awarded Trustee's application for interim payments.

## 2. Trustee's Application for Interim Compensation

■ Debtor contests the amount of fees awarded to Trustee, Trustee's law firm, CPA Spina, and Mr. Sandoro. (Dkt. 4 at 10). However, a review of the record on appeal shows that Trustee did indeed file the proper materials to support his application for various interim fees, and that the Bankruptcy Court did not err in relying on these materials.

Trustee submitted a request for compensation and trustee expenses pursuant to 11 U.S.C. § 326. (Dkt. 1–6). 11 U.S.C. § 326 allows for the reasonable compensation of a trustee for the trustee's services:

> not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by

the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

Here, Trustee submitted a request for interim compensation in accordance with these standards. The request calculated the total compensation owed and reduced that amount by interim fees previously paid to Trustee, for a total request of $10,342.31. (Dkt. 1–6).

Trustee's application for interim fees for Trustee's counsel, accounting services, and appraisal services were also supported by the proper documentation. Fed. R. Bankr. P.2016(a) states:

> An entity seeking interim ... compensation for services, or reimbursement of necessary expenses, from the estate shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. An application for compensation shall include a statement as to what payments have theretofore been made or promised to the applicant for services rendered or to be rendered in any capacity whatsoever in connection with the case, the source of the compensation so paid or promised, whether any compensation previously received has been shared and whether an agreement or understanding exists between the applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case, and the particulars of any sharing of compensation or agreement or understanding therefor, except that details of any agreement by the applicant for the sharing of compensation as a member or regular associate of a firm of lawyers or accountants shall not be required.

Gordon & Schaal, LLP, through Trustee, submitted an application for fees for acting as attorney for Trustee for the period of October 31, 2010, through October 31, 2013. (Dkt. 1–9). The application included a detailed billing history of attorney work completed by Trustee in his role as attorney in the extensive litigation related to the underlying bankruptcy proceedings. (*Id.*).

Trustee's request to compensate CPA Spina for accounting services was accompanied by Trustee's own application outlining the services performed by Spina, as well as Spina's own detailed billing schedule. (Dkt. 1–7).

Trustee's request to compensate Mr. Sandoro for the appraisal of the 1998 Ferrari Spyder was accompanied by Trustee's own application outlining the services performed by Mr. Sandoro, as well as Mr. Sandoro's business profile and bill for services. (Dkt. 1–8).

Because Trustee filed the proper materials to support each claim for interim compensation and/or reimbursement, the Court finds that the Bankruptcy Court did not err in awarding an interim distribution of fees.

## IV. CONCLUSION

For the foregoing reasons, the order of the United States Bankruptcy Court, entered on February 20, 2014 (Dkt. 1–18), is affirmed in all respects.

SO ORDERED.