**IN RE: John Dargon STANTON, III, Debtor.**

**Case No. 8:11–bk–22675**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Signed 2/14/2017

John Dargan Stanton, III, pro se.

Herbert R. Donica, Attorney for Trustee, Donica Law Firm PA, Jackson L. Morris, Attorney for Trustee, Jackson L. Morris, Edwin G. Rice, Bradley Arant

1. —— U.S. ——, 135 S.Ct. 2158, 2163, 192

Boult Cummings LLP, Tampa, FL, for Trustee.

Benjamin E. Lambers, Timberlake Annex, Tampa, FL, for U.S. Trustee.

## ORDER AND MEMORANDUM OPINION APPROVING BRADLEY ARANT'S FEE APPLICATION

Michael G. Williamson, Chief United States Bankruptcy Judge

Glenn Rasmussen previously filed a second interim fee application that included $11,622.50 in fees defending its first fee application against an objection by the U.S. Trustee. While Glenn Rasmussen's second interim fee application was pending, the U.S. Supreme Court decided *Baker Botts v. ASARCO*,[1] where it held that Bankruptcy Code § 330(a) does not authorize attorney's fees for work performed defending a fee application. The Supreme Court's ruling in *Baker Botts* was consistent with Eleventh Circuit precedent dating back 25 years. But the U.S. Trustee never asserted a *Baker Botts* objection.

The U.S. Trustee now asks the Court to set off the $11,622.50 in fees it awarded Glenn Rasmussen against a fee application filed by Glenn Rasmussen's successor—Bradley Arant Boult Cummings—because the $11,622.50 in fees were allegedly not recoverable under *Baker Botts*. Although the U.S. Trustee is right that the Court can revisit interim fee awards at any time, the Court concludes on the facts of this case that the U.S. Trustee waived its *Baker Botts* objection by failing to timely assert it.

### Background

Ed Rice of the Glenn Rasmussen law firm served as special counsel to the Chapter 7 Trustee, principally handling a fraudulent transfer proceeding against the

L.Ed. 2d 208 (2015).

Debtor's ex-wife.[2] After negotiating a settlement that brought more than $6 million into the estate, Glenn Rasmussen filed an interim fee application seeking nearly $1 million in fees.[3] The U.S. Trustee objected to Glenn Rasmussen's initial fee application principally because (in the U.S. Trustee's view) it lacked sufficient detail, in effect insisting on the level of detail for a fee application in a chapter 11 case even though this case is a converted chapter 7 case.[4]

To resolve the U.S. Trustee's principal objection, Glenn Rasmussen supplemented its fee application to provide more detail. Of course, that takes time, which means attorney's fees.[5] When the firm filed its second interim fee application, it included $6,186 in fees for preparing its initial fee application and $11,622.50 in fees for "successfully defending" the fee application against the U.S. Trustee's original objection.[6]

Glenn Rasmussen's second interim fee application was filed on negative notice.[7] Under the Court's negative notice procedures, which are set forth in Local Rule 2002-4, the U.S. Trustee and any other party in interest had 21 days to object to the fee application. No party in interest objected to Glenn Rasmussen's second in-

terim fee application, so the Court granted it in its entirety.[8]

While Glenn Rasmussen's second interim fee application was pending, however, the Supreme Court issued its decision in *Baker Botts LLP v. ASARCO*, which held that bankruptcy courts are not permitted to award attorney's fees for work performed defending a fee application.[9] But the U.S. Trustee did not raise a *Baker Botts* objection to Glenn Rasmussen's second interim fee application seeking fees "defending" an earlier fee application, because the U.S. Trustee did not become aware of the case, which was decided just one week before the negative notice period expired, until after the deadline for objecting. Later, Bradley Arant, which acquired Glenn Rasmussen, filed its first interim fee application, seeking $15,572.50 in fees for the work Ed Rice did after joining Bradley Arant.[10]

The U.S. Trustee objected to Bradley Arant's fee application—but not because the firm's fees were unreasonable or otherwise objectionable.[11] Instead, the U.S. Trustee seeks to set off the $11,622.50 in fees the Court awarded Glenn Rasmussen for "defending" its fee application against the $15,572 in fees Bradley Arant seeks, because the U.S. Trustee contends Glenn

---

2. Doc. Nos. 208 & 231.

3. Doc. No. 565. Specifically, Glenn Rasmussen sought $935,163 in fees. *Id.* The firm divided its time into two categories: fraudulent transfer litigation and "other matters." The other matters only accounted for $51,901 of the fees Glenn Rasmussen sought. The bulk of Glenn Rasmussen's time—1,770 hours—was spent on the fraudulent transfer proceeding. Glenn Rasmussen claimed $533,262 in hourly fees, with the remaining $350,000 coming from a 10% contingency fee. *Id.* at 6–13.

4. Doc. No. 589. The U.S. Trustee also complained about how the firm calculated a 10% contingency fee.

5. Ultimately, the Court approved Glenn Rasmussen's fee application in its entirety. Doc. Nos. 603 & 625.

6. Doc. No. 675.

7. *Id.*

8. Doc. No. 680.

9. —— U.S. ——, 135 S.Ct. 2158, 2163, 192 L.Ed.2d 208 (2015).

10. Doc. No. 684.

11. Doc. No. 702.

Rasmussen was not entitled to those fees under *Baker Botts*.

### Conclusions of Law

 This Court has already ruled that time spent by the Chapter 7 Trustee's general counsel (Herb Donica) supplementing a fee application in response to a similar objection by the U.S. Trustee's were, in fact, recoverable under *Baker Botts*.[12] As this Court explained in a previous decision in this case, *Baker Botts* does not—as the U.S. Trustee contends—impose a temporal limitation on a professional's ability to recover fees for work performed after an objection to a fee application. *Baker Botts* instead stands for the proposition that fees are only recoverable if they are incurred in service to the estate.[13] Here, this Court ruled that the time the Chapter 7 Trustee's counsel spent supplementing his fee application were incurred in service to the estate because, like fees incurred preparing the initial fee application, the additional detail allowed the Chapter 7 Trustee, U.S. Trustee, and other parties in interest to understand the work Trustee's counsel performed and, if necessary, the ability to dispute his fees. The time Glenn Rasmussen spent supplementing its initial fee application is no different.

 But the Court writes to address a more fundamental issue: Is the U.S. Trustee's *Baker Botts* objection untimely? Ordinarily, a party cannot seek reconsideration of a court's prior ruling absent (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice.[14] An intervening change in controlling law occurs where a higher authority alters existing law, either by overruling it or creating a significant shift in a court's analysis.[15] Here, *Baker Botts* merely confirmed the Eleventh Circuit Court of Appeal's decision in *Grant v. George Schumann Tire & Battery Co.*, which held that trustee's counsel was not entitled to fees incurred defending an appeal of a fee award because defense of the appeal "brought absolutely no benefit to the estate, the creditors, or the debtor." [16] Interim fee awards, however, are not subject to the general standard governing motions for reconsideration.

 This Court can always revisit interim fee awards, regardless of a change in controlling law, newly discovered evidence, or clear error or manifest injustice. Interim fees awards under Bankruptcy Code § 331, which are intended to "alleviate the unwarranted financial burden on professionals that occurs when judicial scrutiny, allowance, and payment of fee applications is withheld until the conclusion of the

---

12. *In re Stanton*, 559 B.R. 781, 784–85 (Bankr. M.D. Fla. 2016).

13. *Id.* (discussing *Baker Botts*, 135 S.Ct. at 2165–67).

14. *Fenello v. Bank of Am., N.A.*, 577 Fed. Appx. 899, 902 n.7 (11th Cir. 2014) (citing *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010); *Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010)).

15. *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216 (D. Ariz. 2012) (explaining that an intervening change in controlling law is limited to cases that "generally or substantively alter existing law, such as by overruling it, or creating a significant shift in a court's analysis").

16. 908 F.2d 874, 883 (11th Cir. 1990). The Fifth Circuit Court of Appeals, in *Baker Botts*, relied on the Eleventh Circuit's ruling in *Grant* in support of the proposition that fees for defending a fee application are not compensable. *In re ASARCO, LLC*, 751 F.3d 291, 299 (5th Cir. 2014).

case,"[17] are not final.[18] "Because interim awards are interlocutory and often require future adjustments, they are '*always* subject to the court's reexamination and adjustment during the course of the case.'"[19] So, as the U.S. Trustee argues, "fees previously awarded on an interim basis are subject to review at the final application stage."[20]

 But, while the Court is free to revisit its order on Glenn Rasmussen's second interim fee application, the Court nonetheless concludes the U.S. Trustee waived his *Baker Botts* objection. "[W]aiver is the voluntary, intentional relinquishment of a known right."[21] Although waiver may be express or implied, the acts, conduct, or circumstances giving rise to an implied waiver must make out a clear case."[22] Here, the facts of this case make clear the U.S. Trustee voluntarily relinquished his *Baker Botts* objection.

At the outset, it's worth noting that the U.S. Trustee created this predicament in the first place by asking for a more detailed fee application than is typically required in chapter 7 cases. Under Local Rule 2016–1, fee applications filed by chapter 7 professionals need only contain the name of the person doing the work; the amount of time expended for each item of work; the requested hourly rate; the date of employment; a discussion of the criteria relevant for determining compensation; a detail of reimbursable costs; and a verification that the fees and costs are reasonable and that the application is true and accurate.[23] The U.S. Trustee, however, insisted on a detailed description of the time worked; that the time be itemized by project category; that the application contain a narrative of the services provided and the results obtained—items that are only required for chapter 11 cases.[24]

The Court does not fault the U.S. Trustee's for insisting on heightened disclosure in this case given its complexity and the amount of fees requested (collectively, $1.7 million in the initial fee applications by Donica and Glenn Rasmussen) in this converted chapter 7 case. But the proper time to insist on that heightened disclosure would have been early on in the case when the Trustee retained Glenn Rasmussen.

In any event, Glenn Rasmussen filed its second fee application on negative notice.

**17.** *In re Commercial Fin. Servs., Inc.*, 231 B.R. 351, 354 (Bankr. N.D. Okla. 1999); *see also In re Evangeline Ref. Co.*, 890 F.2d 1312, 1321 (5th Cir. 1989); *In re Pub. Serv. Co. of New Hampshire*, 138 B.R. 660 (D.N.H. 1992).

**18.** *In re Stable Mews Assocs.*, 778 F.2d 121, 123 n.3 (2d Cir. 1985) ("Interim fee awards are, by definition, not final."); *In re Callister*, 673 F.2d 305, 307 (10th Cir. 1982) ("Interim fee awards … are in no respect final adjudications on the question of compensation."); *In re Evangeline Ref.*, 890 F.2d at 1321 (citing *In re Stable Mews Assocs.* and *In re Callister* ).

**19.** *In re Evangeline Ref. Co.*, 890 F.2d at 1321 (quoting 2 *Collier on Bankruptcy* ¶ 331.03 (15th ed.)).

**20.** Doc. No. 702 at 6–7 (citing *In re Pearlman*, 2014 WL 1100223, *2 (Bankr. M.D. Fla.

2014)). Of course, the U.S. Trustee's objection is to Bradley Arant's first fee application. Arguably, Glenn Rasmussen's second interim fee application was its final one, in which case the U.S. Trustee (under its own argument) would be precluded from raising its *Baker Botts* objection. But the Court, for purposes of the U.S. Trustee's objection, is treating Bradley Arant's fee application as if it was Glenn Rasmussen's final fee application.

**21.** *Griffin v. Habitat for Humanity Int'l, Inc.*, 641 Fed.Appx. 927, 932 (11th Cir. 2016) (citing *Witt v. Metropolitan Life Ins. Co.*, 772 F.3d 1269, 1279 (11th Cir. 2014)).

**22.** *Id.*

**23.** Local Rule 2016–1.

**24.** *Id.*

Under Bankruptcy Code § 330, the Court can only award compensation to professionals after notice and a hearing.[25] But Bankruptcy Code § 102 defines "notice and a hearing" as authorizing an act without a hearing so long as notice is given and no party in interest requests a hearing.[26] The "negative notice" procedure contemplated by § 102, and implemented by Local Rule 2002–4, shifts the burden to the interested party to evaluate whether an objection to the relief requested is warranted and whether a hearing would be helpful. The "negative notice" legend on Glenn Rasmussen's second interim fee application notified the U.S. Trustee that the fee application would be granted unless the U.S. Trustee objected within 21 days, yet the U.S. Trustee chose not to do so.

At the time he chose not to object to Glenn Rasmussen's fee application, the U.S. Trustee knew or should have known he had the right to assert a *Baker Botts* objection. To be fair, *Baker Botts* was decided only eight days before the negative notice deadline expired.[27] And the Court accepts the U.S. Trustee's representation that he did not learn of the *Baker Botts* decision until after the negative notice period expired. But, as discussed above, there was Eleventh Circuit case law supporting the proposition that fees incurred defending a fee application are not compensable—*Grant v. George Schumann Tire & Battery Co.*—dating back more than 25 years.[28]

Not to mention, the Fifth Circuit decision that the Supreme Court upheld in *Baker Botts* had been decided more than a year before Glenn Rasmussen filed its second interim fee application—and the Fifth Circuit relied on the Eleventh Circuit decision in *Grant*. Since there was no controlling Eleventh Circuit precedent to the contrary, the Fifth Circuit's decision in *Baker Botts* would have supported an objection by the U.S. Trustee here. Given the existence of Eleventh Circuit authority for the proposition that fees defending fees are not compensable, and no Eleventh Circuit precedent to the contrary, it was incumbent upon the U.S. Trustee to object to Glenn Rasmussen's fees for time spent supplementing its fee application.

## Conclusion

The Court can imagine instances where the grounds for objecting to an interim fee award do not become known until later in the case. In those cases, the Court ought to be able to revisit an earlier interim fee award. But that is not this case. Here, the U.S. Trustee insisted on greater disclosure than is ordinarily required, forcing Glenn Rasmussen to incur additional fees responding to the U.S. Trustee's objection. When Glenn Rasmussen sought payment of those additional fees, Eleventh Circuit precedent would have supported—or at a minimum would not have foreclosed—an objection by the U.S. Trustee. It was not until a new firm acquired Glenn Rasmussen and sought fees for the work Ed Rice did while at the new firm that the U.S. Trustee raised its objection. On those facts, the Court concludes the U.S. Trustee waived its *Baker Botts* objection. Accordingly, it is

**ORDERED:**

---

**25.** 11 U.S.C. 330(a)(1). Notice must be given to interested parties and the U.S. Trustee. *Id.*

**26.** 11 U.S.C. § 102(1)(B); *see also In re Henry*, 2006 WL 1997710, at *1 (Bankr. M.D. Ala. June 16, 2006).

**27.** The negative notice deadline expired on June 23, 2015. *Baker Botts* was decided June 15, 2015.

**28.** *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874 (11th Cir. 1990).

1. Bradley Arant's first interim fee application[29] is APPROVED in its entirety. The U.S. Trustee's objection[30] is OVERRULED.

2. Bradley Arant is awarded $15,572.50 in fees and $17.60 in expenses, which the Chapter 7 Trustee is authorized to pay.