IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DANIEL MORGAN, an individual, and all those similarly situated, | ) ) ) | No. 38115-3-III |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| BANK OF AMERICA, N.A., | ) ) ) | |
| Respondent. | ) | |

PENNELL, J. — Daniel Morgan appeals the dismissal of his complaint against Bank

of America, N.A. (BANA), alleging a violation of the Fair Debt Collection Practices Act

(FDCPA), 15 U.S.C. § 1692 - 1692p. We affirm.

BACKGROUND

In February 2006, Daniel Morgan opened a credit card account and entered into a

credit card agreement with "Bank of America, N.A. (USA)." Clerk's Papers (CP) at 84.

At the time, "Bank of America, N.A. (USA)" and BANA were separate legal entities. *Id*.

That same year, Bank of America Corporation ("BAC") acquired FIA Card Services,

N.A. ("FIA"). In October 2006, Bank of America, N.A. (USA) merged with and under

the charter of FIA.

Around June 2006, all credit card customers in Bank of America, N.A. (USA)'s

credit card portfolio were provided a notice of change of terms, stating the new issuer and

administrator of their accounts would be FIA. Mr. Morgan was one such recipient and his

subsequent monthly credit card statements disclosed that FIA was the issuer of his credit

card and administered his account. In October 2014, FIA merged into and under the

charter of BANA. As a result, BANA became the issuer and administrator of the credit

card portfolio and the named creditor of Mr. Morgan's account.

By 2012, Mr. Morgan stopped making payment on his credit card debt, prompting

BANA's predecessor, FIA, to file a collection action in Spokane County District Court.

While the collection action was pending, FIA merged into BANA as noted above. Despite

the merger, BANA continued the collection action against Mr. Morgan under the name

"FIA Card Services."

In February 2015, the Spokane County District Court issued a notice for dismissal

for want of prosecution, effective after 30 days, unless the plaintiff undertook timely

action as specified in the notice. A few weeks later, plaintiff's counsel filed a letter

requesting the case to remain open for 60 days. No other filings occurred until 2017,

when the plaintiff moved for summary judgment.[1] In 2019, the plaintiff again moved for

summary judgment. The collection action was ultimately dismissed without prejudice in

January 2020, and no judgment was entered against Mr. Morgan.

In March 2020, Mr. Morgan filed suit against BANA in Spokane County Superior

Court. Mr. Morgan alleged BANA violated the FDCPA by continuing to pursue the

district court collection action in the name of "FIA Card Services" after FIA had merged

with BANA. After an attempt by BANA to remove the action to federal court, the case

was remanded back to Spokane County Superior Court. On remand, BANA successfully

moved for dismissal under CR 12(b)(6).

---

[1] The only portion of the district court record that has been made part of the record on review is a computerized docket report. As a result, the details of the parties' litigation are not clear. In Mr. Morgan's briefing and at BANA's motion to dismiss hearing in superior court, Mr. Morgan asserted that the district court case was dismissed in 2012, 2015, and 2017. Contrary to his claim, the court does not appear to have dismissed the collection action against Mr. Morgan in 2012. Instead, it appears FIA entered into a payment agreement with Mr. Morgan without disposing of the case. In 2015, the court clerk filed a notice of dismissal (presumably with notice to the parties pursuant to CR 41(b)(2) that the case would be dismissed for want of prosecution). Within 30 days, plaintiff's counsel filed a letter requesting the case remain open. This did not constitute a "dismissal by the court" as Mr. Morgan asserts.

It is unclear what became of the 2017 motion for summary judgment in district court. At the superior court's motion to dismiss hearing, BANA asserted the case had been dismissed automatically because of "no activity in the particular matter." Report of Proceedings at 12. At the same hearing, counsel for Mr. Morgan asserted the court had dismissed the case multiple times. Based on the docket and documents from district court, it is not clear that the case was ever dismissed until January 21, 2020.

No. 38115-3-III
*Morgan v. Bank of America, N.A.*

Mr. Morgan appeals.

ANALYSIS

*Fair Debt Collection Practices Act*

We review CR 12(b)(6) dismissals de novo. *Trujillo v. Nw. Trustee Servs., Inc.*, 183 Wn.2d 820, 830, 355 P.3d 1100 (2015). "Dismissal is proper if the court concludes that the plaintiff can prove no set of facts that would justify recovery." *Id*. The plaintiff's factual allegations are presumed to be true, and all reasonable inferences from the factual allegations are drawn in the plaintiff's favor. *Id*.

The FDCPA prohibits debt collectors from making false, deceptive or misleading representations in the course of collecting debt. 15 U.S.C. §1692e. A creditor does not qualify as a debt collector under the FDCPA unless the creditor, "in the process of collecting [their] own debts, uses any name other than [their] own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6).

The parties agree that BANA qualifies as a creditor, seeking to collect its own debt. Although Mr. Morgan's credit card debt was payable to FIA Card Services at the time of his default on the debt, FIA merged into BANA. Once merger occurred, BANA became the original creditor of Mr. Morgan's debt. *See Fenello v. Bank of America, N.A.*,

4

926 F. Supp. 2d 1342, 1350-51 (N.D. Ga. 2013), *aff'd*, 577 F. App'x 899 (11th Cir. 2014); *McDevitt v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 160, 168 (D.D.C. 2013).

The parties' dispute is whether BANA falls under the FDCPA despite its status as a creditor because it used a name other than its own "which would indicate that a third person is collecting or attempting to collect" the debt owed by Mr. Morgan. 15 U.S.C. § 1692a(6). Here, the plain terms of the statute simply do not apply. FDCPA's exception to creditor liability attaches when "it uses a name that implies that a third party is involved in collecting debts." *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 236 (2d Cir. 1998); *see also Dickenson v. Townside T.V. & Appliance, Inc.*, 770 F. Supp. 1122, 1131 (S.D. W.Va. 1990) (creditor's use of business name from inception of credit relationship with consumer did not imply debt had been transferred to a third party collection agency). The facts here show no such implication. By continuing to use the name FIA Card Services throughout the district court litigation, BANA in no way sent the message that it had retained a third party to collect Mr. Morgan's debt. Instead, the continued existence of the FIA name sent the message that the original creditor was the one who continued to pursue the debt.

Mr. Morgan may have been confused by BANA's use of FIA's name. But this type of confusion is not addressed by the plain terms of the FDCPA. A least sophisticated consumer[2] in Mr. Morgan's position would not suspect that their credit card debt had been transferred to a third-party collection agency. Instead, a least sophisticated consumer (and even average-level consumer) might be led to believe that nothing had changed and FIA was still collecting its credit card debt in its own right. There is no reason to think a least sophisticated consumer would be led to believe that BANA had acquired FIA's debt and then contracted with FIA to collect the debt.

The trial court properly dismissed Mr. Morgan's complaint. Because we agree with BANA's position on the merits, we need not address the parties' alternate arguments based on standing and the statute of limitations.

## CONCLUSION

The order of dismissal is affirmed.

---

2 Courts apply a "least sophisticated consumer" standard to determine whether a consumer would be deceived into believing a third party was collecting or attempting to collect a debt. *Maguire*, 147 F.3d. at 236.

No. 38115-3-III
*Morgan v. Bank of America, N.A.*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Fearing, J.

7