# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

BAC HOME LOANS SERVICING, L.P.

VERSUS

NICOLE STOCKSTILL AND
BRANDON STOCKSTILL

NO.   2025 CW 0869

PAGE 1 OF 2

**MARCH 9, 2026**

In Re:   Bank of America, N.A., Successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, applying for supervisory writs, 23rd Judicial District Court, Parish of Ascension, No. 99663.

**BEFORE:   McCLENDON, C.J., GREENE AND STROMBERG, JJ.**

**WRIT GRANTED.** The portions of the trial court's April 15, 2025 judgment, which denied the motion for summary judgment filed by defendant-in-reconvention, Bank of America, N.A., on the Truth-in-Lending Act ("TILA") and Fair Debt Collection Practices Act ("FDCPA") claims raised by plaintiffs-in-reconvention, Nicole Stockstill and Brandon Stockstill, are reversed.

The Consumer Credit Protection Act, commonly known as the Truth-in-Lending Act, provides disclosure requirements for lenders to borrowers, to ensure that certain information will be clearly and conspicuously brought to the borrower's attention and not obscured by other information. **Doggett v. Ritter Fin. Co. of Louisa**, 384 F. Supp. 150 (W.D. Va. 1974), aff'd in part, rev'd in part sub nom., **Doggett v. Ritter Fin. Co. of Louisa**, 528 F.2d 860 (4th Cir. 1975). TILA provides that a consumer's rights are subject to a one-year limitation (prescriptive) period which begins to run "from the date of the occurrence of the violation." 15 U.S.C.A. § 1640(e). The United States Fifth Circuit has interpreted "occurrence of the violation" to mean consummation; thus, a TILA violation occurs when the transaction is consummated. **Moor v. Travelers Ins. Co.**, 784 F.2d 632 (5th Cir. 1986). Consummation is the time at which a contractual relationship is created by the parties, and state law governs this determination. **Clark v. Troy & Nichols, Inc.**, 864 F.2d 1261 (5th Cir. 1989).

The Stockstills' reconventional demand pled the promissory note was signed on November 3, 2006. The reconventional demand was filed on May 20, 2011, and pled the TILA claim for the first time. Further, the allegedly improper private mortgage insurance charges were added to the escrow account on February 25, 2010, more than one year before the reconventional demand raising the TILA claims was filed. Thus, we find the Stockstills' TILA claims are time-barred on their face, and the Stockstills have provided no evidence or argument to establish any exception to the one-year prescriptive period. Moreover, to the extent the Stockstills asserted a TILA claim for the imposition of such charges, the allegedly improper private mortgage insurance charges do not fall within the purview of TILA's disclosure requirements. Plaintiffs' TILA claims are dismissed with prejudice.

# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). 15 U.S.C. § 1692a(6) defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." However, the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). Courts have held that a mortgagee's successor through merger was not a "debt collector" within meaning of the FDCPA because the mortgagee's successor stood in the mortgagee's shoes as creditor. See **Lam v. PNC Mortg.**, 130 F.Supp.3d 429 (D. Mass. 2015); **Fenello v. Bank of America, N.A.**, 926 F.Supp.2d 1342 (N.D. Ga. 2/15/13), 2013 WL 5965635 (N.D. Ga. 11/8/13), affirmed, 577 Fed.Appx. 899 (11th Cir. 8/12/14).

Amy Bernal, Vice President of Bank of America, N.A., executed an affidavit attesting that Bank of America, N.A. acquired BAC Home Loans Servicing, L.P. through merger on July 1, 2011. No evidence was admitted showing that any entity other than Bank of America, N.A owned the loan at the time Bank of America, N.A began servicing the loan. Thus, we find Bank of America, N.A stepped into the shoes of BAC Home Loans Servicing, L.P. as servicer of the loan when Bank of America, N.A. acquired BAC Home Loans Servicing, L.P. through merger and Bank of America, N.A is not a "debt collector" within meaning of the FDCPA. Plaintiffs' FDCPA claims are dismissed with prejudice.

**PMc**
**HG**
**TPS**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT